# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SHAY HOUSE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:20-cv-1539-NAB |
| ) | |
| ST. LOUIS METROPOLITAN POLICE ) | |
| DEPARTMENT, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff Shay House for leave to proceed in this action without prepaying fees or costs. Upon consideration of the motion and the financial information provided in support, the Court concludes that plaintiff is unable to pay the filing fee. The motion will therefore be granted. Additionally, for the reasons discussed below, the Court will give plaintiff the opportunity to file an amended complaint.

### Legal Standard

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible

claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against the St. Louis Metropolitan Police Department, the City of St. Louis, and St. Louis Circuit Attorney Kimberly M. Gardner. Plaintiff claims the defendants violated her due process rights. In a section of the complaint titled "Facts," plaintiff alleges as follows.

On August 17, 2017, a warrant was issued for plaintiff on the charge of second degree robbery. On October 20, 2018, she was arrested in her home town of Belleville, Illinois. She was "transported to the Saint Louis Jail on November 7, 2018 and was released on her own

2

recognizance for the crime of stealing." (ECF No. 1 at 3). On November 19, 2018, plaintiff discovered she had been arrested for the charge of stealing in Des Moines, Iowa.

Elsewhere in the complaint, plaintiff alleges the arresting officer detained her because a warrant had been issued for her in Missouri. She further alleges she discovered she had been held for a March 2017 bank robbery, and "the charge of bank robbery had been changed to stealing in Des Moines, Iowa June of 2018 violating her Due Process as guaranteed by the Fifth Amendment of the United States Constitution." *Id.* at 1. She seeks monetary relief in an unspecified amount.

On the same day plaintiff filed the complaint, she filed a motion to supplement it. (ECF No. 3). She neither attached a proposed amended complaint to the motion, nor indicated an intent for the motion to replace the original complaint. Instead, plaintiff set forth information she wants the Court to add to her original complaint. On November 6, 2020, plaintiff filed a letter and a copy of a Civil Cover Sheet she believes was omitted when she filed the complaint. She also included information concerning her finances.

## Discussion

The complaint is subject to dismissal. Plaintiff has named the St. Louis Metropolitan Police Department as a defendant in this action. However, the St. Louis Metropolitan Police Department is not an entity subject to suit under 42 U.S.C. § 1983. *See Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (police departments are "not juridical entities suable as such. They are simply departments or subdivisions of the City government"); *see also De La Garza v. Kandiyohi County Jail*, 18 Fed. App'x. 436, 437 (8th Cir. 2001) (sheriff's departments and police departments are not usually considered legal entities subject to suit under § 1983); *Williams v. St. Louis Metropolitan Police Department*, 2009 WL 2245169 (E.D. Mo.

Jul. 27, 2009). Plaintiff has also named the City of St. Louis as a defendant in this action. However, she does not specifically bring a claim of municipal liability, nor does she allege facts that can be liberally construed as arising within that framework. *See Monell v. Dept. of Social Services of City of New York,* 436 U.S. 658, 690-91 (1978). Finally, plaintiff has named St. Louis City Circuit Attorney Kimberly M. Gardner as a defendant in this action. However, plaintiff does not clearly explain Gardner's role in the alleged harm.

As noted above, plaintiff has expressed a desire to amend the complaint. In consideration of this and in consideration of plaintiff's *pro se* status, the Court will give her the opportunity to file an amended complaint to clearly set forth her claims. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's civil rights complaint form, which will be provided to her. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, plaintiff should write the name of the defendant she intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to her claim. Plaintiff must also specify the capacity in which she intends to sue the defendant. In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support her claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state her

4

claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If plaintiff names a single defendant, she may set forth as many claims as she has against that defendant. *See* Fed. R. Civ. P. 18(a). If plaintiff names more than one defendant, she should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for causing harm. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes she wishes to make to certain parts. Instead, plaintiff must file a single comprehensive pleading that sets forth her claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 5) is **GRANTED**.

5

**IT IS FURTHER ORDERED** that plaintiff's motion to supplement the complaint (ECF No. 3) is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's civil complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days from the date of this Order.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 12th day of February, 2021.