## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| SHAY HOUSE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 4:20-cv-1539-NAB |
| | ) |
| ST. LOUIS METROPOLITAN POLICE | ) |
| DEPARTMENT, et al., | ) |
| | ) |
| Defendants. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court upon review of an amended complaint filed by plaintiff Shay House, who is proceeding herein *pro se* and *in forma pauperis*. For the reasons discussed below, this action will be dismissed, without prejudice.

### Background

Plaintiff filed the original complaint pursuant to 42 U.S.C. § 1983 against the St. Louis Metropolitan Police Department, the City of St. Louis, and St. Louis Circuit Attorney Kimberly M. Gardner. She claimed the defendants were liable to her because she was illegally arrested in Belleville, Illinois on October 20, 2018 and detained in connection with a March 2017 bank robbery. On the same day plaintiff filed the complaint, she filed a motion to supplement it. Upon initial review, the Court determined the complaint was subject to dismissal because the St. Louis Metropolitan Police Department was not an entity subject to suit under 42 U.S.C. § 1983, and because plaintiff failed to state a claim upon which relief may be granted against the City of St. Louis or Kimberly Gardner.

The Court gave plaintiff the opportunity to file an amended complaint. The Court explained the deficiencies in the complaint, and gave plaintiff clear instructions about how to

prepare the amended complaint. In so doing, the Court cautioned plaintiff that the amended complaint would replace the original. The Court also specifically instructed plaintiff that she was required to specify the capacity in which she intended to sue each named defendant, and that she was required to allege specific facts in support of her claim or claims against each named defendant. The Court provided plaintiff with a civil complaint form that also included those instructions. Plaintiff has now filed an amended complaint, which the Court reviews pursuant to 28 U.S.C. § 1915(e)(2).

## Legal Standard

This Court is required to review a complaint filed *in forma pauperis*, and must dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

## The Amended Complaint

Plaintiff avers she filed the amended complaint pursuant to "42 U.S.C. § 1983 and the 14[th] Amendment of the United States Constitution." Named as defendants are FBI Special Agent David Herr, St. Louis Metropolitan law enforcement officers Heather B. Wooderson and Derrick Sherrod, and St. Louis Metropolitan Police Chief John Hayden, Jr. Plaintiff did not specify the capacity in which she sues any defendant. Accordingly, the Court interprets the amended complaint as including only official-capacity claims.[1] Plaintiff claims she "was maliciously prosecuted, illegally arrested and falsely imprisoned on October 20th 2018 for 19 days in Saint Louis, Missouri for a Bank Robbery that occurred March 2017." In support, she alleges as follows.

Herr "failed to compile a photographic line-up of individuals with similar characteristics," despite his "access to multiple data bases." Plaintiff states the other women in the photographic lineup looked nothing like her, and she states her skin tone was darker and her nose was wider. Herr "also obtained a much younger Illinois identification card photograph of

---

[1] *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which she is suing the defendant, [courts] interpret the complaint as including only official-capacity claims.").

3

[plaintiff] to match the perpetrator's description," and "failed to compare the latent evidence obtained at the scene of the crime."

Wooderson "failed to investigate the case and changed [plaintiff's] height and weight to match that of the perpetrator when [plaintiff's] identification card stated [plaintiff's] correct height at 5 foot 2 inches tall she made me 5 feet 5 to 5 feet 7 inches tall as well did not compare the latent evidence found at the scene." Wooderson "also failed to contact [plaintiff] at the time of the investigation although she had [plaintiff's] address and telephone number." Finally, plaintiff alleges that Sherrod "created a new reduced charge of stealing in Des Moines, Iowa date of offense 6/26/18 after [plaintiff's] arrest," and Hayden "approved the new charge of stealing in Des Moines, Iowa." As relief, plaintiff seeks a total of $40 million.

## Discussion

As noted above, because plaintiff failed to specify the capacity in which she sues any of the defendants, this Court interprets the amended complaint as alleging only official-capacity claims. Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). In this case, according to plaintiff's averments in the amended complaint, Wooderson, Sherrod and Hayden are employees of the Metropolitan St. Louis Police Department. However, municipal departments such as police departments are not entities subject to suit under § 1983. *Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (1992). Even if plaintiff had named the municipality as a defendant, the amended complaint (like the original complaint) would not state a claim of municipal liability because it contains no allegations of a direct causal link between a municipal policy or custom and the alleged constitutional violation.

4

*See Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-91 (1978). Therefore, plaintiff's claims against Wooderson, Sherrod and Hayden will be dismissed.

Plaintiff's claims against Herr will also be dismissed. According to plaintiff's averments in the amended complaint, Herr is a federal employee. "To sue the United States, [a plaintiff] must show both a waiver of sovereign immunity and a grant of subject matter jurisdiction." *V S Ltd. P'ship v. Dep't of Hous. & Urb. Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000) (citation omitted). Plaintiff has failed to do so. She therefore cannot sue Herr, a federal employee, in his official capacity.

Even if plaintiff had sued the defendants in their individual capacities, the amended complaint would be dismissed for failure to state a claim upon which relief may be granted. Plaintiff can be understood to claim she was arrested in violation of her Fourth Amendment rights, and Herr and Wooderson are liable to her for that constitutional violation because they used defective identification procedures. "Under the Fourth Amendment, a person has a right to be secure in his person and warrants may not issue but upon probable cause." *Ross v. City of Jackson, Mo.*, 897 F.3d 916, 920 (8th Cir. 2018). The Fourteenth Amendment extends that constitutional guarantee to searches and seizures by state officers. *Burlison v. Springfield Public Schools*, 708 F.3d 1034, 1039 (8th Cir. 2013).

"It is well established that a warrantless arrest without probable cause violates an individual's constitutional rights under the Fourth and Fourteenth Amendments." *Joseph v. Allen*, 712 F.3d 1222, 1226 (8th Cir. 2013) (quoting *Marksmeier v. Davie*, 622 F.3d 896, 900 (8th Cir. 2010)). In other words, "a constitutional violation occurs when there is a warrantless arrest that is not supported by probable cause to believe that a crime has been committed." *Ross*, 897 F.3d at 920. Probable cause exists "when the totality of the circumstances at the time of the

arrest 'are sufficient to lead a reasonable person to believe that the defendant has committed or is committing an offense.'" *Gilmore v. City of Minneapolis*, 837 F.3d 827, 832 (8th Cir. 2016) (quoting *Borgman v. Kedley*, 646 F.3d 518, 523 (8th Cir. 2011)). "The substance of all the definitions of probable cause is a reasonable ground for belief of guilt." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 474 (8th Cir. 2010) (quoting *Brinegar v. United States*, 338 U.S. 160, 175 (1949)).

Here, plaintiff does not allege that Herr, Wooderson, or any named defendant arrested her, or had any involvement in obtaining an arrest warrant. She also fails to allege she was subjected to a warrantless arrest without probable cause. While plaintiff can be understood to claim Herr and Wooderson used defective identification procedures, she does not allege her arrest was based upon, or even related to, an identification that was obtained using those procedures or that was otherwise wrongfully obtained. The Court previously advised plaintiff of the necessity of alleging facts in support of her claims against each named defendant, and gave her the opportunity to file an amended complaint to set forth such facts. The Court will not assume facts that plaintiff has not alleged. *See Stone*, 364 F.3d at 914.

Plaintiff also claims Wooderson failed to investigate the case and failed to contact her at the time of the investigation despite having plaintiff's address and telephone number; Wooderson and Herr failed to compare latent evidence found at the scene; and Sherrod "created" a new charge of stealing and Hayden approved it. These allegations do not state any viable claims for relief under 42 U.S.C. § 1983 or state law because they either fail to describe conduct that is wrongful, or are nothing more than the "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has found deficient, and that

6

this Court is not required to presume true. *Iqbal,* 556 U.S. at 678 (citing *Twombly,* 550 U.S. at 555).

The Court has carefully reviewed and liberally construed the amended complaint, and has determined that it fails to state any plausible or viable claims for relief under 42 U.S.C. § 1983 or state law. The Court also determines that allowing plaintiff to amend a second time would be futile, as she did not fully follow the Court's instructions when previously allowed to do so. The Court will therefore dismiss this action at this time, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 1st day of June, 2021.

                                      HENRY EDWARD AUTREY
                                      UNITED STATES DISTRICT JUDGE